```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                                                       :
GREGORY MODNY, on behalf of himself and all others                     :
similarly situated,                                                    :
                              Plaintiff,                               :
                                                                       :      24-CV-5586 (JMF)
             -v-                                                       :
                                                                       :      MEMORANDUM OPINION
FOLEY HOAG LLP et al.,                                                 :           AND ORDER
                                                                       :
                              Defendants.                              :
                                                                       :
-----------------------------------------------------------------------X
```

JESSE M. FURMAN, United States District Judge:

Gregory Modny, a Moldovan national who previously worked as an information technology support technician at the law firm Foley Hoag LLP ("Foley Hoag"), brings employment discrimination, retaliation, and wage-and-hour claims under federal, state, and local laws against Foley Hoag; his former supervisor, Gary Leshinski; and a former partner at the firm, Steve Younger. Now pending is a motion filed by Foley Hoag and Leshinski (together, the "Moving Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss some of Modny's claims. *See* ECF No. 34.[1] In particular, the Moving Defendants seek to dismiss Modny's (1) claims of disparate treatment on the basis of national origin under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count III); (2) claims of discrimination on the basis of disability under the Americans with Disabilities Act of 1991 (the "ADA"), 42 U.S.C. §12131 *et seq.* (Count V); (3) corresponding claims for violations of the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law. § 290 *et seq.* (Counts IX, XI, and XII), and the New York City Human Rights Law (the "NYCHRL"),

---

[1] Younger has not yet responded to the Amended Complaint.

N.Y.C. Admin. Code § 8-107 *et seq.* (Counts XIII, XV, and XVII); (4) failure-to-accommodate claim under the ADA (Count VI); and (5) interference claim under the ADA (Count VIII).[2]

In reviewing the Moving Defendants' motion, the Court must accept the factual allegations set forth in Modny's Amended Complaint as true and draw all reasonable inferences in his favor. *See, e.g.*, *Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009). A claim is sufficient if Modny pleads "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For Modny's federal employment discrimination claims, that means he must plausibly allege that (1) Defendants "took adverse action against him" and (2) his protected characteristic — national origin or disability, as the case may be — "was a motivating factor in the employment decision." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015); *see, e.g.*, *McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013); *Dooley v. JetBlue Airways Corp.*, 636 F. App'x 16, 21 (2d Cir. 2015) (summary order). Significantly, at this stage, establishing discrimination was a "motivating factor" requires only a showing "giv[ing] plausible support to a minimal inference of discriminatory motivation." *Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015). NYCHRL and — since 2019 — NYSHRL are "construed broadly in favor of plaintiffs alleging discrimination." *Levy v. Legal Aid Soc'y*, 408 F. Supp. 3d 209, 217 (E.D.N.Y. 2019); *see Farah v. Emirates & Emirates Severance Plan*, 728 F. Supp. 3d 290, 300-01 (S.D.N.Y. 2024).

---

[2] The Moving Defendants do not move to dismiss Modny's wage-and-hour claims (Counts I and II); his Title VII national origin discrimination claim (Count III) to the extent that it alleges a hostile work environment, *see* ECF No. 35 ("Defs.' Mem."), at 3 n.3; his hostile work environment claims under the NYSHRL and NYCHRL (Counts XII and XVII) to the extent they are based on his national origin, *see* ECF No. 42 ("Defs.' Reply"), at 5 n.7; his retaliation claims under Title VII (Count IV), the ADA (Count VII), and the NYCHRL (Count XIV); his interference claim under the NYCHRL (Count XVI); or his whistleblower claim under the New York Labor Law (Count XVIII). In their reply, the Moving Defendants also withdraw their motion to dismiss Modny's claim against Leshinski for retaliation under the NYSHRL (Count X). *See* Defs.' Reply 9 n.12.

Accordingly, if a plaintiff states a claim under Title VII or the ADA, he "necessarily state[s] a claim under both NYSHRL and NYCHRL" as well. *Farah*, 728 F. Supp. 3d at 301 (Title VII); *see Weekes v. JetBlue Airways Corp.,* No. 21-CV-1965 (MKB), 2022 WL 4291371, at *7 (E.D.N.Y. Sept. 16, 2022) (ADA).

In light of the foregoing standards, the Moving Defendants' motion can be denied summarily as to a handful of Modny's claims:

- First, the Court rejects the Moving Defendants' challenge to Modny's national origin disparate treatment claim under Title VII, the NYCHRL, and the NYSHRL. The Moving Defendants fault Modny for alleging their adverse actions were "based on retaliatory animus, not discriminatory animus." Defs.' Mem. 5. But generally, "[a]ny inquiry into any [alternative] reasons for a defendant's conduct is reserved for summary judgment or trial." *Levy*, 408 F. Supp. 3d at 216. The Moving Defendants expressly concede that "Modny alleges . . . various adverse employment actions," Defs.' Mem. 3, and that he alleges that two superiors made repeated "offensive remarks about Russians," *id.* at 4-5, or about him in relation to his Russian heritage, s*ee* ECF No. 29 ("FAC") ¶¶ 53, 68, 87, 92. Modny also alleges that he was prohibited from applying for a promotion for which he "was effectively already preforming [sic] many of the duties," *id.* ¶ 97, and that a non-Russian person "with significantly less experience" was hired instead, *id.* ¶ 99. Taken together, these allegations suffice to create a "minimal inference" of discriminatory motivation. *See, e.g.*, *Santiago v. ACACIA Network, Inc.*, 634 F. Supp. 3d 143, 155 n.4 (S.D.N.Y. 2022); *Pothen v. Stony Brook Univ.*, 211 F. Supp. 3d 486, 495 (E.D.N.Y. 2016).

- Second, the Moving Defendants' motion with respect to Modny's disability discrimination claims under the ADA, the NYCHRL, and the NYSHRL also falls short. The Moving Defendants assert that the Amended Complaint alleges no adverse actions after Defendants were made aware of Modny's disability in May 2023, *see* Defs.' Mem. 7-8, but Modny explicitly alleges that he informed Defendants of his disability two months earlier, in *March* 2023, *see* FAC ¶ 105. Further, Modny alleges that, after he did so, Defendants "den[ied] him promotions," *id.* ¶¶ 109, 125, denied his requests for time off for medical treatment, *id.* ¶¶ 121-22, and denied his previously granted requests to use accrued "compensation time" for time off, *id.* ¶ 130. *See, e.g.*, *Crosby v. Stew Leonard's Yonkers LLC*, 695 F. Supp. 3d 551, 568 (S.D.N.Y. 2023). Modny also alleges that Defendants pressured him to help them terminate another disabled employee, FAC ¶¶ 73-74, and mocked that employee for his disability, *id.* ¶ 50. *See Diaz v. Viagran,* No. 16-CV-9106 (CM), 2018 WL 4360790, at *14 (S.D.N.Y. Aug. 29, 2018) (describing "impatience towards employees' disabilities in general" as evidence of discriminatory intent). Once again, taken together, these allegations suffice to create the necessary "minimal inference." They are also enough to support a hostile work environment claim under the

3

> NYCHRL and the NYSHRL.  The Moving Defendants' fallback argument that Modny "ties the [adverse actions] to alleged retaliation" and not "his purported disability," see Defs.' Mem. 8, 11, fails for the reasons discussed above.

- Finally, the Court rejects the Moving Defendants' arguments with respect to Modny's claims against Leshinski under the NYSHRL and NYCHRL.  The Moving Defendants argue that Modny fails to allege whom Leshinski aided and abetted.  See Defs.' Mem. 16.  But a person can be held liable on an aiding and abetting theory under the City and State statutes if he "actually participates in the conduct giving rise to a discrimination claim," *Feingold v. New York*, 366 F.3d 138, 157-58 (2d Cir. 2004), which Modny alleges Leshinski did, see, e.g., FAC ¶¶ 97-102, 122, 132-133.[3]

For these reasons, the Moving Defendants' motion to dismiss must be and is DENIED as to Counts III, V, IX, XI, XII, XIII, XV, and XVII of the Amended Complaint.

By contrast, the Moving Defendants' motion is easily GRANTED as to Modny's interference claim under the ADA (Count VIII) and his claims of constructive discharge (which are not explicitly made in any one Count) for the simple reason that Modny fails to respond to the Moving Defendants' arguments on these claims at all.  Thus, they can be and are deemed to be abandoned.  *See, e.g., Felix v. City of New York*, 344 F. Supp. 3d 644, 654 (S.D.N.Y. 2018) ("Courts may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." (internal quotation marks omitted)).

That leaves only Modny's failure-to-accommodate claim under the ADA (Count VI).  To make out a *prima facie* claim for violation of the ADA on a failure-to-accommodate theory, a plaintiff must demonstrate that "(1) [he] is a person with a disability under the meaning of the

---

[3] The Moving Defendants also argue that Leshinski does not qualify as an "employer" within the meaning of the City and State statutes, but that argument is largely, if not entirely, made in service of the motion to dismiss Count X, which, as noted, see supra note 2, the Moving Defendants withdraw in their reply memorandum of law, see Defs.' Mem. 15-16.  In any event, an employee can be held liable as a primary violator under the statutes if he has "sufficient supervisory power," such as the "power to do more than carry out personnel decisions made by others," *Parra v. City of White Plains*, 48 F. Supp. 3d 542, 554 (S.D.N.Y. 2014), and Modny alleges that Leshinski "exercised the right to hire and fire" him, FAC ¶ 14.

ADA; (2) an employer covered by the statute had notice of his disability; (3) with reasonable accommodation [the employee] could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodation." *McBride v. BIC Consumer Prods. Mfg. Co., Inc.*, 583 F.3d 92, 97 (2d Cir. 2009). Here, as the Moving Defendants argue, *see* Defs.' Mem. 13, Modny's Amended Complaint is "devoid of factual averments" supporting the conclusion that he "could entirely perform his duties" while taking medical leave or reducing his working hours, *Schwartz v. Middletown City Sch. Dist.*, No. 23-CV-1248 (KMK), 2024 WL 1257095, at *5 (S.D.N.Y. Mar. 25, 2024). Notably, Modny does not even argue otherwise in his opposition to the Moving Defendants' motion, instead focusing on an issue that the Moving Defendants did not address: the reasonableness of his accommodation requests. *See* ECF No. 41 ("Pl.'s Opp'n"), at 24-26.

Modny does state that, at one point, "another IT employee . . . agreed to cover him" when he hoped to take a day off. FAC ¶ 105. But elsewhere he states that his department suffered from "multiple staffing shortages" during the time in question. *Id.* ¶ 117. Ultimately, the Court must be able to "determine that [Modny] would still be able to perform the essential duties of [his] job with the requested accommodations" for his claim to be sustained. *Bernheim v. N.Y.C. Dep't of Educ.*, No. 19-CV-9723 (VEC) (JLC), 2021 WL 2619706, at *10 (S.D.N.Y. June 25, 2021), *report and recommendation adopted*, No. 19-CV-9723 (VEC), 2021 WL 4198126 (S.D.N.Y. Sept. 15, 2021). Put simply, the Court cannot do so based only on Modny's "threadbare allegations," *Schwartz*, 2024 WL 1257095, at *5, which do not "detail what the essential functions of [his] job are or how he can accomplish them" with the accommodation, *Cangro v. N.Y.C. Dep't of Fin.*, No. 23-CV-10097 (LAP), 2024 WL 3833971, at *6 (S.D.N.Y. Aug. 14, 2024).

In short, Defendants' motion is DENIED as to Counts III, V, IX, XI, XII, XIII, XV, and XVII of the Amended Complaint and GRANTED as to Counts VI and VIII of the Amended Complaint and as to Modny's claims for constructive discharge.  Further, the Court declines to *sua sponte* grant Modny leave to amend his Complaint to revive his dismissed claims.  Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), it is "within the sound discretion of the district court to grant or deny leave to amend," *Ahmed v. GEO USA LLC*, No. 14-CV-7486 (JMF), 2015 WL 1408895, at *5 (S.D.N.Y. Mar. 27, 2015).  There is no basis to grant leave to revive the interference and constructive discharge claims given that Modny "abandoned" them.  *See Kemper Indep. Ins. Co. v. Durst Corp., Inc.*, No. 24-CV-0290 (SVN), 2025 WL 20545, at *4 (D. Conn. Jan. 2, 2025); *accord HAHA Glob., Inc. v. Barclays*, No. 19-CV-4749 (VEC), 2020 WL 4702690, at *3 (S.D.N.Y. Aug. 13, 2020).  And Modny already had the opportunity to amend his failure-to-accommodate claim once, in response to Defendants' first motion to dismiss — which raised the same arguments against that claim, *see* ECF No. 25, at 18-19 — and was explicitly warned that he would "not be given any further opportunity to amend the complaint to address issues raised by the motion to dismiss," ECF No. 27.  Under these circumstances, his "failure to fix deficiencies in [his] previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013).  Finally, and in any event, Modny does not suggest that he is in possession of facts that would cure the problems with his dismissed claims.  *See, e.g.*, *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014) ("A plaintiff need not be given leave to amend if he fails to specify how amendment would cure the pleading deficiencies in his complaint."); *accord TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505-06 (2d Cir. 2014).

Unless and until the Court orders otherwise, the Moving Defendants shall file their Answer to Modny's surviving claims within **three weeks of the date of this Memorandum Opinion and Order**. *See* Fed. R. Civ. P. 12(a)(4)(A). In addition, the initial pretrial conference, previously adjourned, is hereby reinstated and RESCHEDULED for **March 12, 2025**, at **9:00 a.m.** To access the conference, counsel should call the Court's <u>new</u> dedicated conference call line at (855) 244-8681 and use access code 2303 019 3884, followed by the pound (#) key. When prompted for an attendee ID number, press the pound (#) key again. (Members of the press and public may call the same number but will not be permitted to speak during the conference.) The parties are reminded to follow the procedures for telephone conferences described in the Court's Individual Rules and Practices for Civil Cases, which are available at https://nysd.uscourts.gov/hon-jesse-m-furman, including Rule 3(B)(i), which requires the parties, no later than twenty-four hours before the conference, to send a joint email to the Court with the names and honorifics (e.g., Mr., Ms., Dr., etc.) of counsel who may speak during the teleconference and the telephone numbers from which counsel expect to join the call. The parties are reminded that, no later than the **Thursday before the initial pretrial conference**, they must submit a joint status letter and proposed Case Management Plan. *See* ECF No. 4.[4]

The Clerk of Court is directed to terminate ECF No. 34.

SO ORDERED.

Dated: February 12, 2025
      New York, New York

JESSE M. FURMAN
United States District Judge

---

[4] Given that Modny's employment discrimination and retaliation claims predominate over his wage-and-hour claims, the parties need not attend a settlement conference with the assigned Magistrate Judge in advance of the initial pretrial conference, as the Court had previously ordered. *See* ECF No. 4, at 1. Instead, the parties should be prepared to discuss alternative dispute resolution options and timing at the initial pretrial conference.